CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/28/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EVELYN S.[1], | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Civil Action No. 6:22-cv-00035 |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Evelyn S. ("Evelyn") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding her not disabled and therefore ineligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Evelyn alleges that the Administrative Law Judge ("ALJ") erred by finding that Evelyn does not have a moderate limitation in concentration, persistence, or pace.

I conclude that substantial evidence does not support the Commissioner's decision. Accordingly, Evelyn's Motion for Summary Judgment is **GRANTED in part** (Dkt. 13), the Commissioner's motion for summary judgment is **DENIED** (Dkt. 18), and this case is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to

---

[1] Due to privacy concerns, I use only the first name and last initial of the claimant in social security opinions.

support the Commissioner's conclusion that Evelyn failed to demonstrate that she was disabled under the Act.[2] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (emphasizing that the standard for substantial evidence "is not high"). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro, 270 F.3d at 176 (quoting Craig v. Chater, 76 F.3d at 589). Nevertheless, the court "must not abdicate [its] traditional functions," and it "cannot escape [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, remand is appropriate if the ALJ's analysis is so deficient that it "frustrate[s] meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (noting that "remand is necessary" because the court is "left to guess [at] how the ALJ arrived at his conclusions"); see also Monroe v. Colvin, 826 F.3d. 176, 189 (4th Cir. 2016) (emphasizing that the ALJ must "build an accurate and logical bridge from the evidence to his conclusion" and holding that

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

remand was appropriate when the ALJ failed to make "specific findings" about whether the claimant's limitations would cause him to experience his claimed symptoms during work and if so, how often) (citation omitted). I find that remand is appropriate here because the ALJ's opinion regarding Evelyn's limitation in concentration, persistence, and pace is not supported by substantial evidence.

## **CLAIM HISTORY**

Evelyn filed for DIB in June 2020, claiming her disability began on May 2, 2019, due to lupus, pain, anxiety, headaches, weakness, muscle stiffness, digestive problems, fibromyalgia, sensitivity to light and noise, swelling of her feet, panic attacks, heart palpitations, brain fog, low grade fevers, and constant cold. R. 93, 102. The stage agency denied Evelyn's applications at the initial and reconsideration levels of administrative review. R. 93–100, 102–12. On August 10, 2021, ALJ Deborah Foresman held a hearing to consider Evelyn's claims for DIB. R. 31–65. Counsel represented Evelyn at the hearing, which included testimony from vocational expert Adina Leviton. On September 27, 2021, the ALJ entered her decision analyzing Evelyn's claims under the familiar five-step process[3] and denying her claims for benefits.[4] R. 12–24.

The ALJ found that Evelyn suffered from the severe impairments of systemic lupus erythematosus, cutaneous lupus, and vasospastic small vessel disease of the bilateral upper

---

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

[4] Evelyn was 50 years old on her alleged onset date, making her a person closely approaching advanced age under the Act. R. 23.

extremities. R. 15. The ALJ found that Evelyn was mildly limited in the broad functional areas of understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. R. 16.

The ALJ determined that Evelyn's mental and physical impairments, either individually or in combination, did not meet or medically equal a listed impairment. 18. The ALJ specifically considered listing 4.04 (ischemic heart disease) and listing 14.02 (systemic lupus erythematosus).

The ALJ concluded that Evelyn retained the residual functional capacity ("RFC") to perform light work. R. 19. Evelyn can lift and carry 20 pounds occasionally and 10 pounds frequently. Id. She can sit, stand, and walk for a combined six hours in an eight-hour day. Id. Evelyn's push and pull is only limited by her lift and carry restrictions. Id. She can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds. Id. Evelyn can occasionally kneel, crouch, crawl, and stoop. Id. She requires a sit/stand option at will while remaining productive at the workstation. Id. Evelyn can have no direct sun exposure but can have occasional exposure to extreme temperatures, wetness, humidity, workplace hazards, and dangerous machinery. Id. The ALJ determined that Evelyn had past relevant work as an insurance clerk and a medical receptionist. R. 22. Alternatively, the ALJ determined that Evelyn could perform jobs that exist in significant numbers in the national economy, such as inspector, router, or general office helper. R. 23–24. Thus, the ALJ determined that Evelyn was not disabled. R. 24. Evelyn appealed the ALJ's decision, and the Appeals Council denied her request for review on April 21, 2022. R. 1–4.

## ANALYSIS

Evelyn argues that the ALJ erred by finding that Evelyn does not have a moderate limitation in concentration, persistence, or pace.

### A. Medical History Overview

1. <u>Medical Treatment</u>

Evelyn has diagnoses of systemic lupus erythematosus, cutaneous lupus, fibromyalgia, chronic headaches, and chronic kidney disease that predate her alleged onset date. R. 442, 635–36. She routinely saw her nephrologist and rheumatologist and was prescribed several medications to treat her impairments. R. 305–06, 309–10, 317–18. Evelyn complained of pain at her medical appointments, including in her right ankle, sternum, IT bands, hips, and knees, which providers sometimes linked to lupus flareups. R. 300, 442, 507, 629, 633. Evelyn rated her pain as high as a 9/10 during the relevant period, which is considered excruciating pain. R. 291, 298, 507. Evelyn occasionally received injections for her pain. R. 509, 636. However, Evelyn typically had normal range of motion, normal muscle strength, and normal gate. R. 300, 444, 509.

In December 2020, Evelyn underwent a peripheral vascular doppler examination of her arms. R. 436. Her provider also performed post-cold immersion testing, which showed evidence of vasospastic small vessel disease. R. 458. Evelyn was diagnosed with Raynaud's disease. R. 437. In March 2021, Evelyn underwent another peripheral vascular doppler examination of her arms, which was normal. R. 615. However, this test did not include post-cold immersion testing. R. 615–16.

Evelyn also has a history of anxiety and panic attacks. R. 623, 637. Her primary care physician prescribed her medication to take as needed, but she did not go to counseling or see a psychiatrist. R. 497, 637. Evelyn presented as having an appropriate mood and affect. R. 287, 303, 624, 626, 630, 634. However, her endocrinologist noted that her anxiety "does not seem . . . well controlled[.]" R. 288.

2. <u>Medical Opinions</u>

Evelyn was previously denied disability benefits in May 2019, where she was found to have the severe impairments of systemic lupus erythematosus and cutaneous lupus and to be able to complete a modified range of sedentary work. R. 70–80. The ALJ gave the previous RFC little weight, reasoning that it was "not consistent with the continued treatment during the relevant period." R. 22.

In August 2020, state agency physician Joseph Duckwall, M.D., reviewed the record and found that Evelyn could both occasionally and frequently lift and carry 10 pounds. R. 97. The ALJ found this limitation to sedentary work not persuasive. R. 21. The ALJ reasoned that "[t]hat opinion is not supported by the examinations that revealed a normal gait, full strength, and normal range of motion." <u>Id.</u> Dr. Duckwall found that Evelyn could stand or walk for a total of two hours and could sit for six out of eight hours in a normal workday. R. 97. Dr. Duckwall also concluded that Evelyn could occasionally climb ramps and stairs, stoop, kneel, crouch, or crawl but could never climb ladders, ropes, or scaffolds. R. 98. The AJ found this portion of Dr. Duckwall's opinion persuasive. R. 21.

In March 2021, state agency physician Bert Spetzler, M.D., reviewed the record and found that Evelyn could occasionally lift and carry 20 pounds and could frequently lift and carry 10 pounds. R. 107–08. Dr. Spetzler found that Evelyn could stand, walk, or sit for six out of eight hours of the workday. R. 108. Dr. Spetzler also concluded that Evelyn could occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl but could never climb ladders, ropes, or scaffolds. <u>Id.</u> The ALJ found Dr. Spetzler's opinion persuasive. R. 21.

In August 2020, state agency physician Andrew Bockner, M.D., reviewed the record and found that Evelyn had mild limitations in interacting with others and in concentration,

6

persistence, or pace. R. 96. The ALJ found this portion of Dr. Bockner's opinion persuasive. R. 17. Dr. Bockner also concluded that Evelyn had no limitations in understanding, remembering, or applying information and in adapting or managing oneself. R. 96. The ALJ found this opinion not persuasive. R. 17. The ALJ reasoned that "[t]he opinions of no limitations are not supported by the reports of trouble with memory and handling stress." Id.

In February 2021, consultative examiner Heather Slosman, Ph.D., met with Evelyn and completed a psychological report. R. 495–99. Dr. Slosman concluded that Evelyn could engage in simple repetitive tasks. R. 499. Dr. Slosman also found that Evelyn would find it difficult to maintain regular attendance in the workplace and to get along with peers and the public for long periods of time. Id. Dr. Slosman concluded that it would be difficult for Evelyn to manage the usual stresses encountered in competitive work. Id. The ALJ found these opinions not persuasive. R. 17. The ALJ reasoned that Dr. Slosman's opinions are not supported by her own examination findings, by other providers' examination findings, or Evelyn's "lack of counseling or treatment other than medication." Id.

In March 2021, state agency psychiatrist Louis Perrott, Ph.D., reviewed the record and found that Evelyn had moderate limitations in understanding, remembering or applying information, interacting with others, concentration, persistence, or pace, and adapting or managing oneself. R. 106. Dr. Perrott also concluded that Evelyn should be limited to simple, routine work. R. 111. The ALJ found this opinion not persuasive. R. 17. The ALJ reasoned that Dr. Perrott's opinions "are not supported by the examination findings of a normal mood and affect, good hygiene, good eye contact, normal behavior, normal memory, good judgment, and the ability to spell world forward and backward[.]" Id.

    **B. Function-by-Function Analysis**

Evelyn argues that the ALJ's finding that she does not have a moderate limitation in the domain of concentration, persistence, and pace is not supported by substantial evidence. Specifically, Evelyn asserts that the ALJ failed to craft an RFC that accounted for her mental limitations, especially her limitation in concentration, persistence, and pace. Pl.'s Br. at 10, Dkt. 14. Evelyn further argues that the ALJ "disregarded the opinions of both Dr. Slosman and Dr. Perrott that [Evelyn] has at least a moderate limitation in concentration, persistence, and pace." Id. at 9.

A function-by-function analysis requires the ALJ to develop an adequate RFC which accounts for the work activities the claimant can perform given the physical or mental impairments affecting his ability to work. Importantly, the ALJ must explain the conclusions reached and explain any record evidence which contradicts the RFC determination. See SSR 96-8p; see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (emphasizing that an ALJ needs to provide an explicit explanation linking medical evidence listed in the decision to his ultimate findings). The ALJ is instructed to cite specific medical facts and non-medical evidence supporting his conclusion, discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, describe the maximum amount of each work-related activity the individual can perform, and explain how any material inconsistencies or ambiguities in the evidence were considered and resolved. SSR 96-8p, 1996 WL 374184, at *7.

In Mascio v. Colvin, the court rejected a "per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," agreeing instead with the Second Circuit that "'[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other

8

inadequacies in the ALJ's analysis frustrate meaningful review.'" Mascio, 780 F.3d at 636 (citing Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). "The Mascio Court held remand was necessary, in part, because the ALJ failed to indicate the weight given to two residual functional capacity assessments which contained relevant conflicting evidence regarding the claimant's weight lifting abilities." Newcomb v. Colvin, No. 2:14–CV–76, 2015 WL 1954541, at *3 (N.D.W. Va. Apr. 29, 2015).

Here, the ALJ's decision does not include the narrative discussion required by SSR 96-8p and does not contain sufficient information to allow meaningful review. Like in Mascio, the court is "left to guess about how the ALJ arrived at [her] conclusion." As it relates to Evelyn's limitation in concentration, persistence, and pace, the ALJ found that Evelyn had a mild limitation. R. 16. The entirety of the analysis states, "The claimant reported trouble with her concentration and ability to follow instructions. The claimant was able to spell world forward and backward at the consultative examination. The record contains no examination findings of decreased concentration." R. 16. The ALJ also found Dr. Bockner's opinion of a mild limitation in concentration, persistence, and pace persuasive and reasoned that a mild limitation is "supported by the examination findings of normal behavior, good eye contact, and the ability to spell world forward and backward." R. 17.

I agree with Evelyn that the ALJ's finding is not supported by substantial evidence. The functional area of "concentration, persistence, and pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(3). The ALJ's discussion of Evelyn's ability to spell world forward and backwards, normal behavior, and

9

good eye contact is not sufficient. The ALJ did not indicate how any of these factors relate to Evelyn's ability to sustain focused attention and concentration.

Further, the ALJ incorrectly reasons that the record contains no examination findings of decreased concentration. Both Dr. Perrott and Dr. Slosman concluded that Evelyn had difficulty in concentration and would thus require a modification to simple, repetitive tasks. R. 106–07, 499. The ALJ found Dr. Perrott's opinion of a moderate limitation in concentration, persistence, and pace unpersuasive. Id. The ALJ acknowledged Dr. Perrott's conclusions that Evelyn "could understand and remember simple one and two step instructions; could carry out short and simple instructions and sustain an ordinary routine; make simple work related decisions; complete simple routine work tasks; could ask simple questions or request assistance; and would be aware of normal hazards." Id. However, the ALJ reasoned that Dr. Perrott's conclusions "are not supported by the examination findings of a normal mood and affect, good hygiene, good eye contact, normal behavior, normal memory, good judgment, and the ability to spell world forward and backward[.]" Id. Similarly, the ALJ found Dr. Slosman's opinion that Evelyn "could engage in simple, repetitive tasks without supervision [and was] unlikely to engage in detailed, complex tasks" to be unpersuasive. Id. The ALJ reasoned that Dr. Slosman's conclusions "are not supported by her own examination findings of a normal appearance, normal behavior, appropriate eye contact, normal thought content and processes, the ability to spell world forward and backward, appropriate immediate and remote memory, good judgment, and being a good historian." Id. Again, the ALJ's reasoning for finding the opinions of Drs. Perrott and Slosman unpersuasive is misguided. The ALJ failed to acknowledge that during the consultative examination with Dr. Slosman, Evelyn could not recall three words after a short period of time, which certainly reflects poorly on Evelyn's memory. R. 498. Further, although the ALJ reasons

10

that the record reflects Evelyn's "normal memory," the ALJ's citation to support this conclusion includes only one instance in the record of a provider noting normal memory. See R. 17 (citing R. 265 ("Mood and manner appropriate, hygiene appropriate, no thoughts of harm to self or others."); R. 287 ("Normal mood and affect."); R. 303 ("She has a normal mood and affect. Her behavior is normal."); R. 624 ("Appropriate mood and affect."); R. 630 ("Appropriate mood and affect."); R. 634 ("Mental status exam performed with findings of – Oriented X3 with appropriate mood and affect and causal memory observation is normal.")). The ALJ's reasoning for discounting these conclusions is simply not related to Evelyn's limitations in concentration, persistence, and pace and is not supported by substantial evidence.

I recognize that it is not my function to conduct a blank slate review of the evidence by reweighing conflicting evidence, determining credibility, or substituting my judgment for the ALJ's when "reasonable minds could differ." See Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012); Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). In fact, I am precluded from doing so; it is the duty of the ALJ to explain the basis for his opinion. However, here, the ALJ failed to adequately consider Evelyn's limitation in concentration, persistence, or pace and relied upon unpersuasive and unsupported reasoning to discount the relevant opinions of the record. Accordingly, I conclude that the ALJ's decision regarding Evelyn's limitation in concentration, persistence, and pace is not supported by substantial evidence.[5]

## CONCLUSION

For these reasons, an order will be entered **DENYING** the Commissioner's motion for summary judgment, **GRANTING in part** Plaintiff's motion for summary judgment, and

---

[5] Because I find that remand is warranted based on the ALJ's failure to adequately analyze and account for Evelyn's limitations in concentration, persistence, and pace, Evelyn's additional allegations of error will not be decided. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

**REMANDING** this case to the Commissioner.

                                        Entered:  July 28, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge